UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 21-01255-CAS (DFM) | Date: | February 17, 2021 |
|---|---|---|---|
| Title | Ubaldo Mio Gutierrez v. Rick M. Hill | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |
| **Proceedings:** | (IN CHAMBERS) Order to Show Cause Why the Petition Should Not Be Dismissed as Second or Successive | |

On February 3, 2021, Ubaldo Mio Gutierrez ("Petitioner"), a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner claims that newly discovered evidence entitles him to a new trial, that he received ineffective assistance of counsel, and that he is actually innocent of the underlying offense. See id. at 8-9.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996). Under this procedure, "[a]n individual seeking to file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998). Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" AEDPA. 28 U.S.C. § 2244(b)(3)(C).

It appears that the Petition is at least Petitioner's third attempt to seek habeas relief in this Court, making AEDPA's bar against second or successive petitions applicable to it. Petitioner's first federal habeas petition was denied as untimely. See Gutierrez v. Dexter, No. 07-122, 2008 WL 4822867 (C.D. Cal. Oct. 30, 2008). "[D]ismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

2009). Petitioner's second federal habeas petition was dismissed as second or successive. See Gutierrez v. Gipson, No. 12-8468, 2012 WL 6013227 (C.D. Cal. Oct. 9, 2012).

Before acting on its own initiative to summarily dismiss the Petition, the Court will afford Petitioner an opportunity to present his position on this dispositive issue. See Day v. McDonough, 547 U.S. 198, 210 (2006). **Accordingly, Petitioner is ORDERED to show cause in writing within twenty-eight (28) days why the Petition should not be dismissed for lack of jurisdiction.** See Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted). **Petitioner is expressly warned that failure to respond will likely result in dismissal.**