UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 21-1255-CAS (MAR) | Date: April 15, 2021 |
| Title: | **Ubaldo Mio Gutierrez v. Rick M. Hill** | |

Present: The Honorable: MARGO A. ROCCONI, UNITED STATES MAGISTRATE JUDGE

| CONNIE CHUNG | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS SECOND OR SUCCESSIVE, AND INSTEAD BE TRANSFERRED TO THE NINTH CIRCUIT PURSUANT TO 28 U.S.C. § 1631 FOR APPROPRIATE ACTION

On February 3, 2021, Ubaldo M. Gutierrez ("Petitioner"), a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2254. Dkt. 1. The Petition claims that newly discovered evidence entitles him to a new trial, that he received ineffective assistance of counsel, and that he is actually innocent of the underlying offense. Id. at 8-9. Specifically, Petitioner alleges that he received newly discovered evidence in the form of a "gun shot residue test"[1] that he was able to obtain "[d]ue to changes in law" allowing Petitioner to "file a [] 1054.9 [Post-conviction Motion] which was granted" by the Los Angeles Superior Court on February 21, 2020. Id. at 8, 21-22.

On February 17, 2021, the Court issued an OSC as to why the petition should not be summarily dismissed as second or successive ("OSC") within twenty-eight (28) days of the OSC. Dkt. 6. To date, Petitioner has failed to respond to the Court's OSC. However, upon further review of the Petition, it appears that the Petition is transferrable to the Ninth Circuit Court of Appeals pursuant to 28 U.S.C. § 1631.

**A.    AEDPA AND SECOND OR SUCCESSIVE PETITIONS**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."

---

[1] The Los Angeles Superior Court forwarded the "gunshot residue test" to Petitioner along with the court's minute order granting Petitioner's 1054.9 Post-conviction Motion. This test, an Analyzed Evidence Report from the Los Angeles Police Department, stated: "That I [Criminalist/Analyst C. Yamauchi G8880] did make an examination and analysis of this evidence and in my opinion: The presence of gunshot residue was not detected in GSR kit #15621. Inconclusive as to whether the subject was or was not in the environment of a firearm." See Dkt. 1 at 21.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 21-1255-CAS (MAR) | Date: April 15, 2021 |
| Title:   **_Ubaldo Mio Gutierrez v. Rick M. Hill_** | |

Felker v. Turpin, 518 U.S. 651, 657 (1996).  Under this procedure, "[a]n individual seeking to a file a 'second or successive' application must move in the appropriate court of appeals for an order directing the district court to consider his application." Stewart v. Martinez-Villareal, 523 U.S. 637, 641 (1998).  Thereafter, the appellate court "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of" AEDPA.  28 U.S.C. § 2244(b)(3)(C).

Here, the instant Petition, as noted in the Court's February 17, 2021 OSC, Dkt. 6, appears to be a second or successive petition because it challenges the same 2001 conviction challenged in Petitioner's first Petition for Writ of Habeas Corpus by a Person In State Custody ("2006 Petition"). See Gutierrez v. Dexter, No. CV 07-00122-MMM MLG, 2008 WL 4822867, at *1 (C.D. Cal. Oct. 30, 2008).  This Court dismissed the 2006 Petition as untimely and, therefore, disposed of the 2006 Petition on the merits.  Id. at *7; see also McNabb, 576 F.3d at 1029 ("[T]he dismissal of a habeas petition as untimely constitutes a disposition on the merits . . . and a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b).").  In 2012, this Court, without reaching the merits, dismissed Petitioner's second Petition for Writ of Habeas Corpus by a Person In State Custody as second or successive.  Gutierrez v. Gipson, No. CV 12-8468-MMM (MLG), 2012 WL 6013227, at *1 (C.D. Cal. Oct. 9, 2012).  The instant Petition therefore appears to be second or successive to the 2006 Petition.

Petitioner has failed to identify or submit any documentation indicating the Ninth Circuit has granted Petitioner "proper authorization" to file a second or successive petition in district court; this Court therefore lacks the jurisdiction to address the Petition.  28 U.S.C. § 2244(b)(3)(A); see also Burton, 549 U.S. at 152-53.  Accordingly, this Court ordered Petitioner to show cause why the Petition should not be dismissed as second or successive.  See Dkt. 6.

**B.   TRANSFER IN THE INTEREST OF JUSTICE PURSUANT TO 28 U.S.C. § 1631**

28 U.S.C. § 1631 governs the transfer of civil actions among federal courts to cure jurisdictional defects.  "Transfer is appropriate under section 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice."[2]  Real v. California, No.

---

[2] "Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.'" Cruz-Aguilera, 245 F.3d at 1074 (internal citations omitted) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)).  Factors to consider when deciding whether transferring a case is in the interest of justice include: "whether the failure to transfer would prejudice the litigant, whether the litigant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1255-CAS (MAR)                                             Date: April 15, 2021

Title:   **<u>Ubaldo Mio Gutierrez v. Rick M. Hill</u>**

CV 18-2486 R (SS), 2018 WL 3219651, at *1 (C.D. Cal. June 28, 2018). To that end, "[i]t is widely recognized that '[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the court of appeals], the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction.'" <u>Id.</u> (quoting <u>In re Cline</u>, 531 F.3d 1249, 1252-53 (10th Cir. 2008); <u>see also</u> <u>Robinson v. Johnson</u>, 313 F.3d 128, 139 (3rd Cir. 2002) (district court may either dismiss an unauthorized successive petition for lack of jurisdiction or transfer it to the circuit court pursuant to section 1631); <u>Jones v. Braxton</u>, 392 F.3d 683, 691 (4th Cir. 2004) (same); <u>Benton v. Washington</u>, 106 F.3d 162, 165 (7th Cir. 1996) (same).

While Petitioner has failed to respond to the Court's February 17, 2021 OSC concerning whether the Petition should be dismissed as second or successive, it appears that a transfer to address the identified jurisdictional issues pursuant to 28 U.S.C. § 1631 would be appropriate.[3]

Accordingly, before acting on its own initiative to transfer the Petition, the Court will afford Petitioner an opportunity to present his position on this issue. **Petitioner is ORDERED to show cause in writing within twenty-eight (28) days why the Petition should not be dismissed for lack of jurisdiction, and instead be transferred to the Ninth Circuit pursuant to 28 U.S.C. § 1631.** <u>See</u> <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted); <u>see also</u> <u>Cruz-Aguilera v. INS</u>, 245 F.3d 1070, 1074 (9th Cir. 2001) (section 1631 applies in habeas proceedings).

///
///
///
///
///

---

filed the original action in good faith, and other equitable factors." <u>Id.</u>; <u>see also</u> <u>In re Cline</u>, 531 F.3d at 1251 ("Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." <u>See</u> <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006)).

[3] As presently alleged, the successive Petition appears to have the potential to pass the prima facie screening in the Ninth Circuit given the strong and well-supported allegations of actual innocence and due diligence, and facts that indicate that both a <u>Brady</u> claim and an ineffective assistance of counsel ("IAC") claim may have merit. <u>See</u> 28 U.S.C. §§ 244(b)(2)(B) and (C); <u>see also</u> Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  CV 21-1255-CAS (MAR)                                          Date: April 15, 2021

Title:  **_Ubaldo Mio Gutierrez v. Rick M. Hill_**

The Court will consider the following to be an appropriate response to this OSC:

1. Petitioner shall provide the Court with a written response either requesting a transfer and addressing why a transfer is appropriate in this case or addressing why a transfer is not appropriate in this case; or

2. Petitioner shall notify this Court that he has filed the Application for Leave to File a Second or Successive Petition and Proposed Petition in the Ninth Circuit Court of Appeals.

**The Clerk is ordered to provide Petitioner with the Ninth Circuit Court of Appeals Form 12, which is the Ninth Circuit's form Application for Leave to File Second or Successive Petition, and the accompanying instructions.**

**Failure to respond to the Court's Order may result in the dismissal of the action as second or successive or result in a direct transfer to the Ninth Circuit Court of Appeals under 28 U.S.C. § 1631 by this Court.**

         **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | CC |